IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

EX REL. TERRANCE GRIFFIN
#327735

(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)

-against-

WILLIE DAVIS; DENNIS PATTERSON;
SHERRY MACKEY; ARAMARK CORR-
ECTIONAL SERVICES, LLC ET AL.

(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

0:25-cv-13098-MGL-PJG

Case No. 0:25-CV-____-MGL-PJG
(to be filled in by the Clerk's Office)

Jury Trial:   ☑ Yes   ☐ No
(check one)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis*.

1

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name    EX REL. TERRANCE GRIFFIN

All other names by which you have been known:

_____

ID Number    327735

Current Institution    _____

Address    _____

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name    WILLIE DAVIS

Job or Title (if known)    REGIONAL DIRECTOR

Shield Number    _____

Employer    S.C. DEPT. OF CORRECTIONS (SCDC)

Address    4444 BROAD RIVER RD.
COLUMBIA, SC 29221

☑ Individual capacity        ☑ Official capacity

Defendant No. 2

Name    DENNIS PATTERSON

2

Job or Title
(if known)              ASSIST. DEPUTY DIRECTOR OF OPER-
                        ATIONS

Shield Number

Employer                S.C. DEPT. OF CORRECTIONS (SCDC)

Address                 4444 BROAD RIVER RD.
                        COLUMBIA, SC 29221

☑ Individual capacity        ☑ Official capacity

Defendant No. 3

Name                    SHERRY MACKEY

Job or Title            PREA COORDINATOR
(if known)

Shield Number

Employer                S.C. DEPT. OF CORRECTIONS (SCDC)

Address

☑ Individual capacity        ☑ Official capacity

Defendant No. 4

Name                    ARAMARK CORRECTIONAL SERVICES, LLC

Job or Title            FOOD SERVICE PROVIDER
(if known)

Shield Number

Employer

Address                 1101 MARKET ST.
                        PHILADELPHIA, PA 19107

☑ Individual capacity        ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

3

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-04872-MGL-PJG

I. THE PARTIES TO THIS COMPLAINT

B. THE DEFENDANT(S)

DEFENDANT NO. 5
NAME: JOHN DOE MARTINEZ
TITLE: SERGEANT
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 200 PRISON RD.
ENOREE, SC 29335
INDIVIDUAL & OFFICIAL CAPACITY

DEFENDANT NO. 6
NAME: JOHN/JANE DOE MEYERS
TITLE: LIEUTENANT
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 200 PRISON RD.
ENOREE, SC 29335
INDIVIDUAL & OFFICIAL CAPACITY

DEFENDANT NO. 7
NAME: JOHN DOE TURNER
TITLE: CAPTAIN
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 200 PRISON RD.
ENOREE, SC 29335
INDIVIDUAL CAPACITY

DEFENDANT NO. 8
NAME: MATTHEW GILREATH
TITLE: MAJOR
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 200 PRISON RD.
ENOREE, SC 29335
INDIVIDUAL CAPACITY

DEFENDANT NO. 9
NAME: JANE DOE WHALEN
TITLE: REGISTERED NURSE
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 200 PRISON RD.
ENOREE, SC 29335
INDIVIDUAL CAPACITY

LEGAL
GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. CIV. NO. 0:25-CV-006872-MGL-PJG

I. THE PARTIES TO THIS COMPLAINT

B. THE DEFENDANT(S)

DEFENDANT NO. 10
NAME: MEREDITH JOHNSON
TITLE: CLASSIFICATION CASEWORKER
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

DEFENDANT NO. 11
NAME: CATHERINE AMASON
TITLE: UNKNOWN
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

DEFENDANT NO. 12
NAME: PAMELA HOUGH
TITLE: DISCIPLINARY HEARING OFFICER
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

DEFENDANT NO. 13
NAME: JOHN DOE WHEATON
TITLE: QUALIFIED MENTAL HEALTH PROFESSIONAL
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

DEFENDANT NO. 14
NAME: JOHN DOE COTTON
TITLE: QUALIFIED MENTAL HEALTH PROFESSIONAL
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

LEGAL
GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-04872-MGL-PJG

I. THE PARTIES TO THIS COMPLAINT

B. THE DEFENDANT(S)

DEFENDANT NO. 15
NAME: KEVIN BURNHAM
TITLE: PHYSICIAN ASSISTANT
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY & OFFICIAL CAPACITY

DEFENDANT NO. 16
NAME: JANE DOE NAJIB
TITLE: FOOD SERVICE SPECIALIST
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

DEFENDANT NO. 17
NAME: JOHN OWEN
TITLE: FOOD SERVICE SPECIALIST
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

DEFENDANT NO. 18
NAME: JANE DOE HENDRIX
TITLE: GRIEVANCE COORDINATOR
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

DEFENDANT NO. 19
NAME: MATTHEW DAVIS
TITLE: LIEUTENANT
EMPLOYER: S.C. DEPT. OF CORRECTIONS (SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

LEGAL
GRIFFIN-327735



GRIFFIN V. DAVIS ET AL. C/A NO.0:25-CV-0872-MGL-PJG

I. THE PARTIES TO THIS COMPLAINT

B. THE DEFENDANT(S)

DEFENDANT NO. 20
NAME: TAMMY JONES
TITLE: CAPTAIN
EMPLOYER: S.C. DEPT. OF CORRECTIONS(SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL CAPACITY

DEFENDANT NO. 21
NAME: FALISH MEEKS
TITLE: MAJOR
EMPLOYER: S.C. DEPT. OF CORRECTIONS(SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL & OFFICIAL CAPACITY

DEFENDANT NO. 22
NAME: JAXSON SMITH
TITLE: ASSOCIATE WARDEN OF SECURITY
EMPLOYER: S.C. DEPT. OF CORRECTIONS
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL & OFFICIAL CAPACITY

DEFENDANT NO. 23
NAME: JENNIFER MCDUFFIE
TITLE: ASSOCIATE WARDEN OF PRO-
GRAMS
EMPLOYER: S.C. DEPT. OF CORRECTIONS
(SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL & OFFICIAL CAPACITY

DEFENDANT NO. 24
NAME: TONYA JAMES
TITLE: WARDEN
EMPLOYER: S.C. DEPT. OF CORRECTIONS(SCDC)
ADDRESS: 4848 GOLDMINE HWY
KERSHAW, SC 29067
INDIVIDUAL & OFFICIAL CAPACITY

A.   Are you bringing suit against *(check all that apply)*:

☐   Federal officials (a *Bivens* claim)

☑   State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   (1) FIRST AMENDMENT VIOLATIONS; (2) EIGHT AMENDMENT VIOLATIONS; AND (3) FOURTEENTH AMENDMENT VIOLATIONS

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

   _____

   _____

   _____

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

   SEE ATTACHED STATEMENT OF CLAIM NO. 1-38

   _____

   _____

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

4

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

SEE ATTACHED STATEMENT OF CLAIM NO. 1-38

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

TYGER RIVER C.I. 1/21/25 - 1/24/25 & KERSHAW C.I. 1/24/25 TO PRESENT DATE

C. What date and approximate time did the events giving rise to your claim(s) occur?

TYGER RIVER C.I. ABOUT 10PM 1/21/25 - 6AM 1/24/25 & KERSHAW C.I. 8:30AM 1/24/25 TO PRESENT DATE

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED STATEMENT OF CLAIM NO. 1-38

5

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-06872-MGL-PJG

## IV. STATEMENT OF CLAIM

1) WHILE HOUSED IN U2 AT TYGER RIVER C.I. (TYRCI) ON 1/21/25 AN INMATE-ON INMATE ASSAULT OCCURRED IN U28-219. CLAIMANT WAS ASSIGNED TO U2A-111 AT THE TIME. DEFENDANT MARTINEZ WAS THE SECURITY ON POST. AFTER THE ASSAULT CLAIMANT WAS ESCORTED BY DEFENDANT MAR-TINEZ TO U2A, AND C.R. (VICTIM) WAS TRANSPORTED VIA EMS TO THE E.R. CLAIMANT SUSTAINED SUBCONJUNCTIVAL HEM-ORRHAGE TO HIS LEFT EYE, AND A PUNCTURE WOUND ABOVE HIS LEFT KNEE; FROM THE ASSAULT.

2) AFTER C.R. WAS TRANSPORTED TO THE ER DEFENDANT MARTINEZ & MEYERS RETURNED TO U2A-111 TO RESTRAIN CLAIMANT; THEN ESCORTED HIM TO A LOWER YARD OPER-ATION'S HOLDING CELL; PRIOR TO DETAINING HIM IN RHU CELL #5. CLAIMANT'S PUNCTURE WOUND WAS CLEANSED AND BANDAGED. DEFENDANT WHALEN DOCUMENTED THE SUBCONJUNCTIVAL HEMORRHAGE TO CLAIMANT'S LEFT EYE, YET PROVIDED NO MEDICAL TREATMENT.

3) WHILE DETAINED WITHIN RHU CELL #5 CLAIMANT WAS APP-ROACHED BY AN OFFICE OF INSPECTOR GENERAL (OIG) AG-ENT, AND SEVERAL SLED AGENTS; REGARDING THE U2B-219 ASSAULT. PHOTOS OF HIS INJURIES WERE TAKEN; BEF-ORE CLAIMANT DECLINED TO COOPERATE WITH THE AGENTS' INVESTIGATION.

4) DURING THE INVENTORY OF CLAIMANT'S PROPERTY AND OUT-SIDE OF HIS PRESENCE DEFENDANT MARTINEZ AND MEYERS DELIBERATELY DISCARDED: BUSINESS NOTES, PAPER REQUEST TO STAFF MEMBER (RTSM) FROM AN R.E.C.E & NP PAROLE "MY PLATE" (USDA GUIDELINES), ECF NO. 93 IN THE CASE OF GRIFFIN V. DAVIS ET AL. C/A NO. 0:23-CV-04086-MGL-PJG, STEP 1 & 2 GRIEVANCES, AND AN ADDRESS/PHONE CONTACT BOOK; ON A TABLE NEAR THE WALL LOCKER CLAIMANT OCCUPIED. THE DEFEN-DANTS ALSO DESTROYED HIS LEGAL BOX, AND DOCUMENTS IN THE CASE OF GRIFFIN V. SCDC C/A NO. 2023-CP-42-04058.

LEGAL
GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-00872-MGL-PJG

## IV. STATEMENT OF CLAIM

5) ON 1/24/25 CLAIMANT WAS EMERGENCY TRANSFERRED TO KERSHAW C.I. (KERCI), THEN DETAINED WITHIN RHU CELL #18. RHU CELL #18 WAS UNSANITIZED WITH: FECES SMEARED ON THE WINDOW FLAP & INTERIOR WALLS, SEMEN STAINS ALL OVER THE CELL, DUST/INSULATION PARTICLES COVER THE FLOOR, NO OPERATING INTAKE VENTILATION SYSTEM, AND ENVIRONMENTAL SMOKE PASSING THROUGH THE OUT-TAKE VENTILATION SYSTEM NORMALLY. CLAIMANT WAS FORCED TO USE HIS PERSONAL STATE-ISSUED HYGIENE PRODUCTS TO SANITIZE RHU CELL #18; DUE TO THE DEPRIVATION OF CELL CLEANING BY DEFENDANTS MEEKS, SMITH, & JAMES.

6) UPON RECEIVING SCDC FORM 19-2 AND INSPECTION OF HIS PERSONAL PROPERTY CLAIMANT DISCOVERED THAT DEFENDANT MARTINEZ & MEYERS DISCARDED THE AUTHORIZED ITEMS MENTIONED WITHIN STATEMENT OF CLAIM ¶4. THE DEFENDANTS' ACTION WERE A FORM OF RETALIATION. CLAIMANT'S GRIEVANCE KERCI-0112-25 & TYRCI-0162-25 WERE UNSUCCESSFUL. (SEE CLAIMANT'S ATTACHED EXHIBITS)

7) WHILE ASSIGNED TO RHU CELL #18 SEVERAL KERCI STAFF REPEATEDLY ASKED CLAIMANT "WHAT HAPPENED TO YOUR EYE?" RN STEEL, RN MCCLAIN, RN VOYER, RN RICE & RN SPIRES WITNESSED THE INJURY TO CLAIMANT'S LEFT EYE, NOTED HIS COMPLAINTS ABOUT PAIN, AND HIS NEED OF MEDICAL TREATMENT. HOWEVER THE SICK CALL PROCEDURE WAS UNAVAILABLE OFTEN; FOR NON-MEDICAL REASONS. ALL KERCI'S NURSING STAFF OPERATE UNDER DEFENDANT BURNHAM'S AUTHORITY.

8) ON 1/27/25 CLAIMANT WAS NOTIFIED VIA SCDC FORM 19-49 THAT HE'S BEEN CHARGED FOR: 8.05 (HOSTAGE TAKING), 8.11 (POSSESSION OF A WEAPON), AND 8.57 (ASSAULT & BATTERY OF AN INMATE BY MEANS AND/OR INTENT TO KILL). DEFENDANTS MEYERS & TURNER CONDUCTED THE 1/24/25 SCDC FORM 19-29A REPORTS, AND DEFENDANT GILREATH SIGNED OFF AS THE RESPONSIBLE OFFICIAL.

LEGAL

GRIFFIN-327735

GRIFFIN V. BANKS ET AL. C/A NO. 0:25 CV 01812 MGL-PJG

## IV. STATEMENT OF CLAIM

9) DURING A 2025 FEBRUARY PM PILL PASS RN MCCLAIN INFORMED CLAIMANT THAT DEFENDANT BURNHAM SAID "HIS LEFT EYE WILL DISSOLVE ON ITS OWN;" WITHOUT PROVIDING CLAIMANT WITH ANY MEDICAL TREATMENT FOR HIS PAIN & SUFFERING.

10) ON 2/11/25 CLAIMANT APPEARED BEFORE DEFENDANT HOUGH FOR THE 805, 811, AND 857 CHARGES. DUE TO HIS REFUSAL TO SIGN THE 1/27/25 SCDC FORM 19-69 HE WAIVED HIS RIGHT TO CROSS EXAMINE THE ACCUSER. AS THE HEARING PROCEEDED DEFENDANT HOUGH DENIED CLAIMANT AN OPPORTUNITY TO VIEW THE 1/21/25 CAMERA FOOTAGE OF THE INCIDENT. DEFENDANT PATTERSON ORDERED DEFENDANT HOUGH NOT TO ALLOW CLAIMANT TO VIEW THE CAMERA FOOTAGE, AND HE HAS PROMULGATED AN UNWRITTEN POLICY; THAT "INSTITUTIONAL CAMERA FOOTAGE IS A MANAGEMENT TOOL." DEFENDANT HOUGH ADMITTED SHE DIDN'T SEE CLAIMANT "TAKE NOR HOLD" C.R.'S FOOTAGE. DEFENDANT MEYERS & TURNER'S SCDC FORM 19-29A OMITTED CLAIMANT'S INJURIES, AND DEFENDANT MEYERS ADMITTED "A HOMEMADE WEAPON WRAPPED IN BLOODY BLANKETS" WAS CONFISCATED FROM C.R.'S PROPERTY. HOWEVER, C.R. HAS NOT BEEN CHARGED FOR ANY PRISON RULE(S) VIOLATION. DEFENDANT GILREATH DELIBERATELY CHARGED CLAIMANT FOR THREE LEVEL 1 (MAJOR) OFFENSES, AND NOT THE MINOR OFFENSE OF 828 (OUT OF PLACE); TO CONCEAL HIS FAILURE TO TRAIN, SUPERVISE, NOR CONTROL DEFENDANTS MARTINEZ & MEYERS. CLAIMANT PLEAD NOT GUILTY; DUE TO BEING A VICTIM OF ASSAULT, AND THE SALIENT PROCEDURAL ERRORS COMMITTED BY DEFENDANTS MEYERS, TURNER, AND GILREATH. ALTHOUGH NO PHOTO NOR TANGIBLE EVIDENCE OF THE CONFISCATED WEAPON WAS PRESENTED DEFENDANT HOUGH FOUND CLAIMANT GUILTY; BASED OFF DEFENDANTS MEYERS & TURNER'S REPORT, AND THE VIDEO FOOTAGE. DEFENDANT HOUGH SANCTIONED CLAIMANT WITH THE LOSS OF: 5 MONTHS GOOD-TIME CREDITS, 60 DAYS DISCIPLINARY DETENTION ("DD"), 240 DAYS NO VISITS, 240 NO TELEPHONE, 240 DAYS NO CANTEEN, 240 DAYS NO PROPERTY, AND 90 DAYS TABLET RESTRICTION.

LEGAL
GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-00872-MGL-PJG

## IV. STATEMENT OF CLAIM

10) DEFENDANT HOUGH FAILED TO CONSIDER THE FACT THAT CLAIMANT HAD NO HISTORY OF AN 805 NOR 857 OFFENSE; PRIOR TO HER DETERMINATION OF GUILT & SANCTIONS.

11) ON 2/18/25 DEFENDANTS: WHEATON, JOHNSON, DAVIS, JONES, AND SMITH ATTEMPTED TO HOLD A KERCI INSTITUTIONAL CLASSIFICATION COMMITTEE (ICC) SECURITY DETENTION (SD) RECOMMENDATION; WITHOUT PROVIDING CLAIMANT WITH 48 HOUR ADVANCE WRITTEN NOTICE. CLAIMANT REFUSED TO BE HEARD BY KERCI'S ICC WITHOUT PROPER NOTICE. LATER THAT DAY HE WAS PROVIDED WITH 48 HOUR ADVANCE WRITTEN NOTICE.

12) ON 2/19/25 & 3/12/25 CLAIMANT'S STEP 1 & 2 GRIEVANCE NO. 1 KERCI-0095-25, KERCI-0096-25, AND KERCI-0097-25 TO DEFENDANT JAMES & DAVIS WERE "RUBBER STAMPED" DENIED. BOTH DEFENDANTS FAILED TO CORRECT THE PROCED-URAL ERRORS MADE BY DEFENDANTS MEYERS, TURNER, GIL-REATH, NOR HOUGH. (SEE CLAIMANTS ATTACHED EXHIBITS)

13) ON 2/20/25 CLAIMANT APPEARED BEFORE THE KERCI'S ICC (IE. DEFENDANTS: WHEATON, JOHNSON, DAVIS, JONES, AND SMITH); FOR AN SD RECOMMENDATION. CLAIMANT PRESENTED THE FACTS THAT (1) THE 1/21/25 ASSAULT DIDN'T HAPPENED AT KERCI; (2) HIS INJURIES WERE OMITTED FROM DEFENDANT MEYERS & TURNER'S REPORT; (3) HE HAD NO DISCIPLINARY CONVICTION PRIOR TO 1/21/25; AND (4) THE DEFENDANTS ARE SUBJECTING HIM TO MULTIPLE PUNISHMENTS FOR THE 1/21/25 INCIDENT. ALL 5 DEFENDANTS "CONCURRED" TO CLAIMANT BEING PLACED UNDER SD STATUS. CLAIMANT HAS RECEIVED NO WRITTEN NOTICE FROM DEFENDANT DAVIS, PATTERSON, NOR MACKEY OF APPROVAL FOR SD PLACEMENT.

LEGAL
GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. CIV. NO. 0:25-CV-06872-MGL-PJG

## II. STATEMENT OF CLAIM

14) ON 2/24/25 CLAIMANT WROTE A PAPER RTSM TO DEFENDANT JONES; PERTAINING THE INHUMANE LIVING CONDITIONS WITHIN THE RHU. HOWEVER, DEFENDANT AMASON INTERCEPTED AND REJECTED HIS RTSM. (SEE CLAIMANT'S ATTACHED EXHIBIT)

15) ON 2/25/25 WHILE DOING A ROUND ON THE BOTTOM TIER OF THE RHU DEFENDANT JOHNSON VERBALLY INFORMED CLAIMANT THAT HIS CUSTODY WAS REDUCED FROM MEDIUM TO CLOSE, BY CENTRAL CLASSIFICATION STAFF. DEFENDANT JOHNSON REFUSED TO DISCLOSE WHO APPROVED THE REDUCTION OF CLAIMANT'S CUSTODY. CLAIMANT FILED KRCI-0125-25 APPEALING THE CUSTODY REDUCTION, YET WAS UNSUCCESSFUL. CLAIMANT'S NOTICE OF APPEAL (TERRANCE GRIFFIN #327735 V. SCDOC CASE NO. 25CO230) IS PENDING WITHIN THE ALC.

16) CLAIMANT FILED KRCI-0206-25 APPEALING THE SD PLACEMENT, YET DEFENDANT HENDRIX RETURNED IT; ALLEGING "DUPLICATE TO KRCI-0125-25." CLAIMANT SENT DEFENDANT HENDRIX RTSM NO. 25-0388&967 EXPLAINING THE DISTINCTION BETWEEN KRCI-0125-25 & KRCI-0206-25, YET TO NO AVAIL.

17) CLAIMANT SENT NUMEROUS RTSMS AND ATTEMPTED TO SEND A PAPER RTSM TO DEFENDANT HENDRIX'S SUPERVISOR (FELECIA MCKIE); REGARDING DEFENDANT HENDRIX'S MACHINATION OF GRIEVABLE ISSUES, YET TO NO AVAIL.

18) DURING THE 30 DAYS LEGAL DEADLINE FOR CLAIMANT TO FILE A NOTICE OF APPEAL IN CASE NO.S 65 (KRCI-0095-25) NO. 66 (KRCI-0096-25) & NO. 67 (KRCI-0097-25) DEFENDANTS HENDRIX, AMASON, AND JANES REFUSED TO MAKE LEGAL COPIES OF HIS FINAL AGENCY DECISIONS; THEREFORE, CLAIMANT COULD NOT ACCESS THE ALC. CLAIMANT DID SEND THE DEFENDANTS RTMS IN ADVANCE OF HIS LEGAL DEADLINE.

LEGAL
GRIFFIN-327735

5

## IV. STATEMENT OF CLAIM

19) DUE TO ONGOING PAIN FROM THE SUBCONJUNCTIVAL HEMORRHAGE AND THE LACK OF SICK CALL CLAIMANT WROTE THE S.C. DEPT. OF LABOR, LICENSING, & REGULATION ("LLR"), TO POSSIBLY CORRECT THE DEPRIVATION OF MEDICAL TREATMENT BY DEFENDANT BURNHAM.

20) ON 3/19/25 CLAIMANT WAS ASSESSED AT SICK CALL BY RN RICE, WHO'S THE HEAD NURSE AT KERCI. CLAIMANT'S WEIGHT WAS DOCUMENTED AT 136 POUNDS (LOSS OF 10 POUNDS FROM JANUARY). RN RICE SCHEDULED CLAIMANT TO SEE DEFENDANT BURNHAM.

21) ON 3/25/25 CLAIMANT HAD LAB WORK DONE, TO POSSIBLY DETERMINE THE CAUSE OF HIS WEIGHT LOSS, AND TREATMENT OPTIONS. HOWEVER, DEFENDANT BURNHAM DID NOT FOLLOW-UP WITH CLAIMANT TO DISCUSS HIS LAB RESULTS.

22) ON 3/26/25 CLAIMANT RECEIVED SCDC FORM 19-222A VIA DEFENDANT JOHNSON. THE FORM 19-222A/NOTICE INFORMED HIM OF: (1) THE SD ORIENTATION; (2) HIS INMATE ADJUSTMENT PLAN ("IAP"); (3) THE SD BEHAVIOR LEVELS SYSTEM; AND THAT (4) HIS NEXT SD 90 DAY REVIEW WAS SCHEDULED FOR 6/16/25. THE NOTICE WAS SIGNED BY DEFENDANT JOHNSON & MACKEY.

23) SINCE CLAIMANT'S HOUSING WITHIN KERCI'S RHU HE HAS SENT AIRTS M NO.: 25-03854952, 25-03855060, 25-0391-0882, 25-03911839, 25-03923846, 25-03954904, 25-039-53494, 25-03988462, 25-03988465, AND 25-03992373 TO DEFENDANTS NAJIB, OWEN, MCDUFFIE, AND/OR JAMES; ABOUT THE DEFICIENCIES OF KERCI'S FOOD SERVICE/S MENTIONED HEREIN.

24) SINCE REQUESTING & RECEIVING THE ALTERNATE (VEGAN) DIET CLAIMANT IMMEDIATELY NOTICED: (1) UNDERSIZED/MINOR PORTIONS; (2) COLD-INEDIBLE FOOD ITEMS BEING SERVED; (3) OVER 14 HOURS DELAY BETWEEN THE SERVICE-

6

LEGAL

GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-04872-MGL-PJG

## IV. STATEMENT OF CLAIM

24) – OF DINNER TO BREAKFAST ON FRIDAYS-SUNDAYS; (4) FOOD ITEMS WITH FOREIGN OBJECTS; (5) THE CONSTANT USE OF STYROFOAM TRAYS, WHICH DECREASES THE SERVING SIZE; AND (6) THE ADVERSE PHYSICAL EFFECTS OF KERCI'S FOOD SERVICE(S) TO CLAIMANT'S HEALTH.

25) DEFENDANTS NAVIB & OWEN ARE ADDING A VEGETABLE OR A SLICE OF PROCESS MEAT TO A BREAKFAST TRAY ON THE WEEKENDS, AND LABELING IT "BRUNCH."

26) DEFENDANTS OWEN, NAVIB, MCDUFFIE, AND JAMES ARE RESPONSIBLE FOR: (1) OVERSEEING THE OPERATIONS OF KERCI'S CAFE; (2) ENSURING THAT KERCI'S CAFE COMPLY WITH ALL APPLICABLE POLICIES & REGULATIONS; AND (3) ANY FOOD RELATED COMPLAINTS AT KERCI.

27) WHILE HOUSED WITHIN KERCI'S RHU CLAIMANT'S CONCERNS RELATIVE TO THE FOOD SERVICE(S) HAVE GONE UNANSWERED OR UNRESOLVED BY DEFENDANTS OWEN, NAVIB, MCDUFFIE, AND JAMES.

28) DEFENDANT ARAMARK IS A CONTRACTED FOOD SERVICE PROVIDER FOR ALL CLOSE & MEDIUM CUSTODY S.C. PRISONERS. SINCE DEFENDANT ARAMARK'S CONTRACTUAL AGREEMENT WITH THE S.C. DEPT. OF CORRECTIONS (SCDC) IT HAS PROVIDED: (1) FOOD PRODUCTS THAT ARE DEFICIENT IN CALORIES, NUTRITION, MINERALS, PROTEIN, & VITAMINS; (2) FOOD PRODUCTS WITHOUT NUTRITION LABELS; (3) FOOD PRODUCTS IN PACKAGES WITH "CLASS F" LABELS; (4) FOOD PRODUCTS IN PACKAGES LABELED "NOT FOR HUMAN CONSUMPTION"; AND (5) MEAT PRODUCTS THAT CONTAIN "WARNINGS MAY CAUSE CANCER." DEFENDANT ARAMARK IS RESPONSIBLE FOR THESE "COST CUTTING" MEASURE TO EXP AND ITS REVENUE. DEFENDANT ARAMARK ALSO ONLY PROVIDES APPLESAUCE AS A FRUIT; TO THE ALTERNATE& THERAPEUTIC DIETS.

7

LEGAL
GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-01872-MGL-PJG

## IV. STATEMENT OF CLAIM

29) DUE TO DEFENDANT ▓ ARAMARK FAILURE TO PROVIDE CLAIMANT & THOSE SIMILARY SITUATED WITH HEALTHY FOOD, AND DEFENDANTS OWEN, NAJIB, MCDUFFIE & KERCI'S FAILURE TO TAKE ANY CORRECTIVE ACTION WITH KERCI'S INHUMANE FOOD SERVICES CLAIMANT'S WEIGHT HAS DECREASED FROM 146 LBS (JANUARY) TO 136 LBS (3/19/25) TO 124.9 LBS (5/14/25) TO 121 LBS [129 LBS MINUS SECURITY EQUIPMENT/RESTRAINTS] (6/9/25).

30) WHILE HOUSED WITHIN KERCI'S RHU CLAIMANT HAS PLACED DEFENDANTS SMITH & JAMES ON NOTICE VIA ARTSM NO. 25-0388308Z, 25-0392093Y, AND 25-037-5Y350; REGARDING THE DEPRIVATION OF CELL CLEANING YET THESE DEFENDANTS FAIL TO MAKE ANY CORRECTIVE ACTION(S). THESE DEFENDANTS' REFUSAL TO PROVIDE ROUTINE CELL CLEANING POSES A RISK OF FUTURE HARM TO CLAIMANT AND THOSE SIMILARLY SITUATED.

31) SINCE BEING HOUSED WITHIN KERCI'S RHU DEFENDANTS NEEDS & SMITH HAVE ONLY AFFORDED CLAIMANT AND THOSE SIMILARLY SITUATED OUTSIDE RECREATION ONCE. ALTHOUGH CLAIMANT HAS PLACED THESE DEFENDANTS ON NOTICE VIA ARTSM NO. 25-0391832 & 25-0395-4180 THEIR DEPRIVATION OF OUTSIDE RECREATION CAUSES CLAIMANT EXACERBATION OF THE HILL SACHS INJURY TO HIS LEFT SHOULDER (INCLUDING THE DENIAL OF PHYSICAL THERAPY ORDERED BY DR. PENNY ON 6/9/25) AND FORCES HIM TO INHALE DUST/INSULATION PARTICLES; ALONG WITH ENVIRONMENTAL SMOKE PASSING THROUGH THE OUT TAKE VENTILATION SYSTEM.

32) ON 6/4/25 DEFENDANT BURNHAM WAS ESCORTED BY SCDC SERVANT HEATON TO RHU CELL #29 (CELL CLAIMANT OCCUPIED), AND HELD A SICKCALL EXAM OPENLY. AFTER ASKING CLAIMANT QUESTIONS ABOUT HIS HEALTH DEFENDANT CLAIM " HE WILL ORDER CLAIMANT A SPECIAL DIET & A SNACK BAG" AS TREATMENT FOR HIS WEIGHT LOSS; YET NO ORDER WAS PLACED.

8

LEGAL

GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-06872-MGL-PJG

## II. STATEMENT OF CLAIM

33) ON 6/9/25 THE KERCI'S ICC (I.E. DEFENDANTS: JOHNSON, COTTON, DAVIS, & SMITH) MET FOR AN UNSCHEDULED 90 DAY SD REVIEW. CLAIMANT PRESENTED TO THE DEFENDANTS: (1) HE HAS REFRAIN FROM VIOLENCE, THREATS, & AGGRESSION FOR 120 DAYS, ACCORDING TO HIS "IAP"; (2) HE'S BEING DEPRIVED OF ANY PROGRAMMING, DUE TO RHU HOUSING; AND (3) THE FACT THAT DEFENDANT MEYERS & TURNER OMITTED HIS INQUIRIES WITHIN THEIR 1/21/25 REPORTS. ALL OF THE DEFENDANTS "CONCURRED" TO CLAIMANT REMAINING UNDER SD STATUS. DEFENDANT SMITH DETERMINED THAT "CLAIMANT MUST REMAIN 12 MONTHS DISCIPLINARY FREE, TO BE RELEASED FROM SD CUSTODY." DEFENDANTS: JOHNSON, COTTON, AND DAVIS PARROTED DEFENDANT SMITH'S UNWRITTEN DETERMINATION IN FEAR OF CORRECTIVE ACTION. WHEN CLAIMANT ASKED "WHAT SCDC POLICY CORROBORATES HIS DETERMINATION?" DEFENDANT SMITH SAID "THAT'S HOW WE (KERCI'S ICC POLICY) DO IT." CLAIMANT HAS YET TO RECEIVE WRITTEN NOTICE FROM DEFENDANTS PATTERSON, MACKEY, NOR DAVIS OF WHOM AT CENTRAL CLASSIFICATION APPROVED HIS CONFINED PLACEMENT.

34) CLAIMANT'S STEP 1 GRIEVANCE APPEALING THE 6/9/25 SD RECOMMENDATION HAS NOT BEEN RESPONDED TO, NOR RETURNED BY DEFENDANT HENDRIX & JAMES.

35) DUE TO DEFENDANT BURNHAM'S HIPAA VIOLATION ON 6/9/25 AND ONGOING MEDICAL INDIFFERENCE IN EARLY JULY 2025 CLAIMANT WROTE THE S.C. DEPT. OF "LLR" AGAIN.

9

LEGAL
GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-06872-MGL-PJG

## IV. STATEMENT OF CLAIM

36) ON 7/4/25 CLAIMANT RECEIVED A LETTER FROM THE OFFICE OF INVESTIGATIONS & ENFORCEMENT (OIE); OF THE S.C. DEPT. "LLR". THE "OIE" DIVISION ORDERED THAT THE SCDOC'S OFFICE OF MEDICAL CONCERNS INVESTIGATE CLAIMANTS COMPLAINTS AGAINST DEFENDANT BURNHAM'S FAILURE TO PROVIDE AN APPROPRIATE STANDARD OF CARE, AND A HIPAA VIOLATION.

37) ON 7/2/25 CLAIMANT RECEIVED A DISPOSITION TO ARTSM NO. 25-0399740S FROM RN TOMAS (SCDOC MEDICAL CONCERNS). RN TOMAS STATED "CLAIMANTS APPOINMENT WAS SCHEDULED FOR 6/16/25 BUT WAS MARKED AS A NO SHOW. RN TOMAS REACHED OUT TO KERCI TO HAVE CLAIMANT RESCHEDULED FOR THIS. CLAIMANT CURRENT DO NOT HAVE AN ORDER FOR A SPECIFIC DIET."

38) ON 7/8/25 IN RESPONSE TO ARTSM NO. 25-0400237g RN TOMAS STATED "APPOINMENT WITH THE PROVIDER IS NEXT WEEK AND HAS BEEN SCHEDULED THIS DAY FOR SEVERAL WEEKS." HOWEVER, SICK CALL FOR THE PLAIANT BURNHAM; WITHOUT CLAIMANT BEING MEDICALLY ASSESSED.

## CAUSE(S) OF ACTION

COUNT ONE: DELIBERATE INDIFFERENCE TO FIRST AMENDMENT AGAINST DEFENDANT MARTINEZ, MEYERS, HENDRIX, AMASON, JAMES, GILREATH, AND BURNHAM.

COUNT TWO: DELIBERATE INDIFFERENCE TO EIGHT AMENDMENT AGAINST DEFENDANT BURNHAM, WHALEN, DAVIS, PATTERSON, ARAMARK, MEEKS, MCDUFFIE, SMITH, JAMES, OWEN, AND NAJIB.

10

LEGAL
GRIFFIN-327735

GRIFFIN V. DAVIS ET AL. C/A NO. 0:25-CV-04872-MGL-PJG

## CAUSE(S) OF ACTION

COUNT THREE: DELIBERATE INDIFFERENCE TO FOURT-EENTH AMENDMENT AGAINST DEFENDANT HOUGH, M. DAVIS, JONES, JOHNSON, COTTON, WHEATON, SMITH, JAMES, PATTERSON, MACKEY, AND W. DAVIS; TURNER.

## PRAYER FOR RELIEF

WHEREFORE, CLAIMANT PRAYS THAT THIS COURT GRANT THE FOLLOWING RELIEF:

(A) INJUNCTIVE RELIEF AGAINST DEFENDANT BURNHAM TO ADEQUATE TREAT CLAIMANT'S WEIGHT LOSS, PROV-IDE CLAIMANT WITH THE ORDERED PHYSICAL THERAPY ON 4/9/25 BY DR. PENNY, AND CEASE ALL RETALIATION AGAINST CLAIMANT'S FREE SPEECH RIGHTS;

(B) INJUNCTIVE RELIEF AGAINST DEFENDANT ARAMARK TO PROVIDE CLAIMANT & THOSE SIMILARLY SITUATED WITH FOOD THAT MEETS THE USDA'S DIETARY GUIDELINES. CEASE THE USE OF "PROCESSED MEATS" AND ALL FOOD PROVIDED TO S.C. ALL MALE CLOSE & MEDIUM PRISONS; THAT ARE "NOT FIT FOR HUMAN CONSUMPTION"; CONT-AIN "CLASS F" LABELS, OR "MAY CAUSE CANCER". PROVIDE FRUITS TO ALL MALE CLOSE & MEDIUM S.C. PRISONS. CEASE PROVIDING "FILLER" INGREDIENTS AS A "COST CUTTING" MEASURE. CEASE PROVIDING FOODS WITHOUT NUTRITION LABELS. AN REVISE ITS "STANDARDIZE RECIPES."

(C) INJUNCTIVE RELIEF AGAINST DEFENDANT MARTINEZ & MEYERS TO RETURN CLAIMANT'S CONFISCATED ADDRESS/ PHONE CONTACT BOOK, AND THE AUTHORIZED ITEMS FROM 1/21/25; THAT ARE IN THEIR POSSESSION.

11

LEGAL

GRIFFIN-327735

GRIFFIN V. DAVIS ET. AL. C/A NO. 0:25-CV-06872-MGL-PJG

PRAYER FOR RELIEF

(D) INJUNCTIVE RELIEF AGAINST DEFENDANT MEEKS, SMITH, AND JAMES TO PROVIDE ROUTINE CELL CLEANING AND OUTSIDE RECREATION TO ALL KCRCI'S RHU RESIDENTS;

(E) INJUNCTIVE RELIEF AGAINST DEFENDANT OWEN, NAVIB, MCDUFFIE, AND JAMES TO PROVIDE CLAIMANT & THOSE SIMILARLY SITUATED WITH ADEQUATE CALORIES & NUTRITIOUS FOOD. TO CEASE THE USE OF STYROFOAM TRAYS;

(F) INJUNCTIVE RELIEF AGAINST DEFENDANT PATTERSON, MACKEY, AND W. DAVIS TO PROVIDE CLAIMANT & THOSE SIMILARLY SITUATED WITH: (1) WRITTEN NOTICE OF SD APPROVALS OR DENIALS; AFTER SD REVIEWS; 48 HOUR ADVANCE NOTICE OF SD REVIEWS; ACCESS TO PROGRAMS WHILE UNDER SD STATUS; AND WRITTEN LEVEL ADVANCEMENT NOTICE;

(G) INJUNCTIVE RELIEF AGAINST DEFENDANT W. DAVIS TO CEASE "WIDESPREAD" ENFORCEMENT OF "INSTITUTIONAL" POLICIES. AN CEASE ANY & ALL REPRISAL AGAINST CLAIMANT & THOSE SIMILARLY SITUATED FOR FREE SPEECH ACF IVITIES;

(H) COMPENSATORY DAMAGES IN AN AMOUNT DETERMINED BY A JURY;

(I) PUNITIVE DAMAGES SEVERALLY AGAINST EACH DEFENDANT DETERMINED BY A JURY;

(J) A JURY TRIAL ON ALL TRIABLE ISSUES;

(K) COST INCURRED IN BRINGING THIS SUIT; AND

(L) ANY FURTHER RELIEF THE COURT MAY DEEM JUST & PROPER.

12 AUGUST 2025
KERSHAW, SC

UCC 1-207/1-308
& Rel Terrance Griffin
EX REL. TERRANCE GRIFFIN
PRO PER. CLAIMANT
4848 GOLDMINE HWY
KERSHAW, SC 29067

LEGAL
GRIFFIN-327735

12

_____
_____
_____
_____
_____

**V.     Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(1) SUBCONJUNCTIVAL HEMORRHAGE TO LEFT EYE; (2) PUNCTURE WOUND ABOVE LEFT KNEE; (3) IRREPLACEABLE AUTHORIZED PERSONAL PROPERTY; (4) WEIGHT LOSS & HUNGER PAINS; (5) EXACERBATION OF HILL SACHS DAMAGE TO LEFT SHOULDER; AND (6) EXACERBATION OF DIAGNOSED ANXIETY; ALSO (7) DENIED ACCESS TO ALC. PUNCTURE WOUND CLEANSED, APPLIED STERI-STRIPS, AND BANDAGED. HILL SACHS DAMAGE ORDERED PHYSICAL THERAPY & SHOULDER SLEEVE. NO OTHER MEDICAL TREATMENT.

**VI.     Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SEE ATTACHED STATEMENT OF CLAIM PRAYER FOR RELIEF @ P. 11 & 12.

_____
_____
_____

**VII.     Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

TYGER RIVER C.I. & KERSHAW C.I.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

(1) MEDICAL NEGLECT OR INDIFFERENCE; (2) LOSS OF PROPERTY OR DAMAGE PROPERTY; (3) DUE PROCESS APPEALS; AND (4) MENTAL HEALTH NEEDS.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

7

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐    Yes

☐    No

E.    If you did file a grievance:

1.    Where did you file the grievance?

KCRCI's & TYRCI's GRIEVANCE COORDINATORS

2.    What did you claim in your grievance?

(1) MEDICAL INDIFFERENCE; (2) RETALIATION; (3) PROPERTY LOSS; (4) DUE PROCESS VIOLATIONS; (5) DENIED OUTSIDE RECREATION; (6) FOOD SERVICE(S) DEFICIENCIES; (7) ACCESS TO THE ALC; (8) CUSTODY APPEALS, ETC. (SEE ATTACHED EXHIBITS)

3.    What was the result, if any?

MOST STEP 1 & 2 GRIEVANCES WERE EITHER: "RUBBER STAMPED," UNRESOLVED, NOT RETURNED, OR MACHINATED DURING THE GRIEVANCE PROCESS. (SEE ATTACHED EXHIBITS)

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

SOME GRIEVANCES COMPLETED/EXHAUSTED. ANY INCOMPLETE/UNEXHAUSTED GRIEVANCES ARE A RESULT OF A "DEAD END" GRIEVANCE SYSTEM. (SEE ATTACHED EXHIBITS)

8

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

TYRCI & KERCI's "DEAD END" & "MACHIN-ATED" GRIEVANCE SYSTEMS ARE DISCOURAG-ING, AND NON-CONDUCIVE TO INTERNAL RESOLUTIONS.

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

SEE ATTACHED STATEMENT OF CLAIM NO.S: 6, 12, 14-18, 19, 23, 27, 30-31, 34, & 36-38.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐    Yes

☑    No

9

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes ( CONDITIONS OF CONFINEMENT )

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff(s)  EX REL. TERRANCE GRIFFIN
        Defendant(s)  RYSHEMA DAVIS ET AL.

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

        U.S. DIST. CT. DIST. OF SOUTH CAROLINA

    3.    Docket or index number

        C/A NO. 0:23-CV-04086

    4.    Name of Judge assigned to your case

        PAIGE JONES GOSSETT & MARY GEIGER LEWIS

    5.    Approximate date of filing lawsuit

        8/17/23

    6.    Is the case still pending?

        ☑ Yes

        ☐ No

        If no, give the approximate date of disposition. _____

10

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes (SEE PUBLIC RECORDS-PACER MONITOR & PUBLIC INDEX.ORG/DORCHESTER/LEE/RICHLAND) COUNTY CNTY. COUNTY

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) TERRANCE GRIFFIN #327735

Defendant(s) S.C. DEPT. OF CORRECTIONS (SCDC)

2.  Court *(if federal court, name the district; if state court, name the county and State)*

SPARTANBURG COUNTY

3.  Docket or index number

2023-CP-42-04058

4.  Name of Judge assigned to your case

ROTATING CIRCUIT COURT JUDGES

5.  Approximate date of filing lawsuit

10/19/23

6.  Is the case still pending?

☑ Yes

☐ No

11

If no, give the approximate date of disposition. _____

7.     What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12 AUG. , 2025

Signature of Plaintiff _____ UCC 1-207/1-308 C Ex Rel. Terrance Griffin _____

Printed Name of Plaintiff _____ EX REL. TERRANCE GRIFFIN _____

Prison Identification # ___ 327735 ___

Prison Address ___ 4848 GOLDMINE HWY ___

___ KERSHAW ___     ___ S.C. ___     ___ 29067 ___

City                    State                    Zip Code

### B.     For Attorneys

Date of signing: _____ , 20__ .

Signature of Attorney            _____

Printed Name of Attorney        _____

Bar Number                      _____

Name of Law Firm                _____

12

Address                    _____
Telephone Number           _____
E-mail Address             _____

13